IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES ALEXANDER ELLINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11-CV-592-TMH |
| ) | |
| JIMMY ABBETT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Charles Alexander Ellington ["Ellington"], an inmate incarcerated at the Tallapoosa County Jail, challenges the constitutionality of his confinement pursuant to a one-year sentence imposed upon him in mid-2010 by a state court in Tallapoosa County, Alabama. Specifically, Ellington argues he is improperly incarcerated on the aforementioned sentence because he should have received credit towards this sentence for time served during his incarceration within the county jail thereby resulting in a release date of January 24, 2011. Ellington seeks monetary damages for each day served past this alleged release date. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The court granted Ellington leave to proceed *in forma pauperis* in this cause of action. *Order of July 25, 2011 - Court Doc. No. 3*. Consequently, Ellington must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service

## II.  DISCUSSION

Ellington asserts he is improperly incarcerated on a sentence imposed upon him by a Tallapoosa County court in May of 2010.  Thus, the claims presented to this court go to the fundamental legality of the length of Ellington's current incarceration and, therefore, provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [made the basis of his current incarceration]."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should

---

of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Ellington challenges the constitutionality of his confinement with respect to the length of his current incarceration pursuant to a sentence imposed upon him by a state court in Tallapoosa County, Alabama. *Plaintiff's Complaint - Court Doc. No. 1* at 3. A judgment in favor of Ellington on this complaint would necessarily imply the invalidity of the length of his incarceration. It is clear from the complaint that the sentence and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate

3

proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that on or before August 15, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

---

[2] The plaintiff is advised that if he seeks to challenge the term and/or length of the sentence imposed upon him by the court in Tallapoosa County, Alabama, he may do so by filing a 28 U.S.C. § 2254 petition for habeas corpus relief with this court. However, prior to filing a federal habeas petition, the plaintiff must properly exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("[A] person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the [convicting] State ...")

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of July, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE